IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01084-BNB

DOUGLAS LEE CRAWFORD,

Applicant,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Douglas Lee Crawford, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Crawford initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County District Court case number 85CR1173. He has paid the $5.00 filing fee.

On June 4, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 24, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period, that Applicant failed to exhaust state court remedies as to his asserted claim, which now is procedurally barred, and that he failed to assert a federal claim

upon which habeas corpus relief can be granted. On June 30, 2008, Mr. Crawford filed a reply to the Pre-Answer Response.

The Court must construe liberally the application and the Reply filed by Mr. Crawford because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Crawford was convicted by a jury in 1986 in Adams County District Court case number 85CR1173 on charges of first-degree murder, menacing, and first-degree burglary. He was sentenced to life imprisonment in the DOC. Judgment was entered on November 24, 1986. Mr. Crawford appealed from his convictions to the Colorado Court of Appeals, which on April 11, 1991, affirmed. *See People v. Crawford*, No. 87CA0048 (Colo. Ct. App. Apr. 11, 1991) (not published). On October 7, 1991, the Colorado Supreme Court denied certiorari review. Mr. Crawford does not allege that he sought certiorari review in the United States Supreme Court.

On May 19, 1993, Mr. Crawford filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on July 25, 1997. Mr. Crawford filed a notice of appeal. On January 21, 1999, the Colorado Court of Appeals affirmed the denial of the Colo. R. Crim. P. 35(c) motion. *See People*

*v. Crawford*, No. 97CA1505 (Colo. App. Jan. 21, 1999) (not published). On August 16, 1999, the Colorado Supreme Court denied certiorari review.

On August 22, 2001, Mr. Crawford filed a second Colo. R. Crim. P. 35(c) motion, which the trial court summarily denied on August 27, 2001. Mr. Crawford appealed from the denial to the Colorado Court of Appeals, which on September 26, 2002, affirmed. *See People v. Crawford*, No. 01CA1737 (Colo. Ct. App. Sept. 26, 2002) (not published). On March 31, 2003, the Colorado Supreme Court denied certiorari review.

On December 12, 2005, Mr. Crawford filed his third Colo. R. Crim. P. 35(c) motion, which the trial court summarily denied on February 21, 2006. Mr. Crawford appealed. On September 27, 2007, the Colorado Court of Appeals affirmed. *See People v. Crawford*, No. 06CA2013 (Colo. Ct. App. Sept. 27, 2007) (not published). Mr. Crawford did not petition for certiorari review in the Colorado Supreme Court. The Court received the instant habeas corpus application for filing on May 13, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Mr. Crawford's conviction and sentence became final prior to April 24, 1996, the date the one-year limitation period in 28 U.S.C. § 2244(d) was enacted into law. In the absence of any reason to toll the limitation period, Mr. Crawford should have initiated this action prior to April 24, 1997, one year after the statute's effect date. *See United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). The application was submitted to the Court on May 13, 2008. Mr. Crawford does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he could have discovered the factual predicate for his claims challenging the validity of his convictions

at the time his direct appeal became final. Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

Respondents concede that the one-year limitation period was tolled until August 16, 1999, when the Colorado Supreme Court denied certiorari review of the Colo. R. Crim. P. 35(c) motion, which Mr. Crawford filed on May 19, 1993, the trial court denied on July 25, 1997, and the Colorado Court of Appeals affirmed on January 21, 1999. Therefore, the one-year limitation period expired on August 16, 2000, over a year before Mr. Crawford filed his second Colo. R. Crim. P. 35(c) motion on August 22, 2001, in the state trial court. As a result, Mr. Crawford's application is time-barred.

However, the one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Crawford bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Crawford fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Crawford fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 14 day of Aug., 2008.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01084-BNB

Douglas Lee Crawford
Prisoner No. 55972
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/15/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk